IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA BOLIVAR,<br><br>       Plaintiff,<br>  v.<br><br>TAYLOR, BEAN & WHITAKER MORTGAGE CORP., et al.,<br><br>       Defendants. | No. C-12-2030 MMC<br><br>**ORDER GRANTING WELLS FARGO BANK AND RALI SERIES 2006-Q03 TRUST'S MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT; VACATING OCTOBER 5, 2012 HEARING** |

       Before the Court is defendants Wells Fargo Bank, N.A. and RALI Series 2006-Q03 Trust's ("Moving Defendants") Motion to Dismiss or, in the Alternative, to Strike Class Allegations, filed August 29, 2012. Plaintiff Maria Bolivar has not filed opposition. Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision on the moving papers, VACATES the hearing scheduled for October 5, 2012, and rules as follows.

       In her complaint, plaintiff, who proceeds pro se, alleges as her Ninth Cause of Action that the Moving Defendants, as well as the other defendants named in the complaint, violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. Although the factual basis for said claim is not clearly expressed in the complaint, it appears plaintiff's RICO claim is predicated on her allegation that each defendant has falsely asserted an ownership interest in certain real property owned by

1 plaintiff and located in Antioch, California. (See Compl. ¶¶ 2, 149.)

2 As the Moving Defendants correctly observe, plaintiff fails to allege sufficient facts to state a RICO claim. First, plaintiff fails to sufficiently identify "at least two acts of racketeering activity," see H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 237 (1989), let alone allege facts showing such acts are "interrelated by distinguishing characteristics . . . [,] are not isolated events," see id. at 239-40, and "amount to or pose a threat of continued criminal activity," see id. at 239. Second, to the extent the RICO claim is based on a fraudulent act constituting racketeering activity, the claim fails for the reason that plaintiff fails to allege fraud with the requisite particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (holding Rule 9(b) "applies to civil RICO fraud claims"; holding complaint alleging fraud complies with Rule 9(b) where it states "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation"). Finally, plaintiff fails to allege the existence of an "enterprise"; in particular, plaintiff alleges no facts to support a finding that defendants, or any of them, formed a "vehicle for the commission of two or more crimes" and that the "various associates" function or functioned "as a continuing unit." See Odom v. Microsoft Corp., 486 F.3d 541, 552-53 (9th Cir. 2007).

Accordingly, as the Moving Defendants have shown, the Ninth Cause of Action is subject to dismissal. Further, the deficiencies identified above with respect to the Ninth Cause of Action are equally applicable to each of the other defendants named in the complaint, and, accordingly, said cause of action will be dismissed as to all defendants. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding, where court grants motion to dismiss as to one defendant, court may dismiss claims against non-moving defendants "in a position similar to that of moving defendants").[1]

---

[1] As set forth below, the Court will afford plaintiff leave to amend the Ninth Cause of Action. The Court notes, however, that plaintiff, who appears pro se, may only bring a claim on behalf of herself; she may not allege any claim on behalf of other persons. See C.E. Pope Equity Trust v. United States, 818 F. 2d 696, 697 (9th Cir. 1987) (holding pro se litigant may not appear as attorney for others).

Plaintiff's remaining causes of action arise under state law, and, because the parties are not diverse in citizenship, the Court's jurisdiction over the state law claims is supplemental in nature. See 28 U.S.C. § 1367(a). Where, as here, a court has dismissed the claim over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3). Here, given the early stage of the proceedings, the Court declines to exercise supplemental jurisdiction over the state law claims.

Accordingly, plaintiff's state law claims will be dismissed without prejudice to refiling in state court, or, if plaintiff elects to amend the Ninth Cause of Action as provided below, without prejudice to refiling in this action.

## CONCLUSION

For the reasons stated above, the Moving Defendants' motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED.

In the event plaintiff wishes to file a First Amended Complaint, plaintiff shall file it no later than October 19, 2012. In any such First Amended Complaint, plaintiff may only amend the Ninth Cause of Action, and may replead the state law claims alleged in the initial complaint. Plaintiff may not, however, add any new federal or state law claims, or add any new defendant, without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED.**

Dated: September 28, 2012

MAXINE M. CHESNEY
United States District Judge